NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELECTROMEDICAL TECHNOLOGIES INCORPORATED, a Delaware corporation; et al.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CHAD WOLF, in his capacity as the Acting Secretary of the United States Department of Homeland Security; et al.,[*]<br><br>Defendants-Appellees. | No.   19-15966<br><br>D.C. No. 2:18-cv-00508-GMS<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted May 7, 2020
Portland, Oregon

Before:  WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,[***] District Judge.

---

[*]       Chad Wolf is the current Acting Secretary of Homeland Security and was automatically substituted as a party.  Fed. R. App. P. 43(c)(2).

[**]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]       The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Peter Gajic and his employer, ElectroMedical Technologies, Inc., appeal from the district court's order rejecting their challenges to the denial of ElectroMedical Technologies' untimely filed H-1B visa extension petition and Gajic's application for adjustment of status. We affirm.

**1.** United States Citizenship and Immigration Services (USCIS) did not arbitrarily deny the visa extension petition, which was filed over seven years after Gajic fell out of status. Plaintiffs argued before the agency that the petition's lateness should have been excused due to ineffective assistance by their prior attorney, who failed to file a visa extension petition on Gajic's behalf. *See* 8 C.F.R. § 214.1(c)(4)(i). But after prior counsel stopped representing Plaintiffs, they waited roughly two years before filing a visa extension petition. Plaintiffs did not argue before the agency that their lawyers during this time period also acted negligently. Thus, even if the portion of the filing delay attributable to attorney negligence were excusable, there still would have been two years of unexcused delay. USCIS did not abuse its discretion in rejecting the petition on the ground that prior counsel's negligence was incommensurate with the delay in filing.

**2.** Because USCIS did not err in rejecting Gajic's visa extension petition, it necessarily did not err in rejecting his application for adjustment of status. Gajic was ineligible for adjustment of status because he had been out of lawful status and was without employment authorization for far longer than 180 days when he

submitted his application.  *See* 8 U.S.C. § 1255(c)(2), (c)(7), (c)(8), (k).

**AFFIRMED.**